UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FRANK LORENZO GIOVINCO,<br><br>    Petitioner,<br>v.<br>KATHY MENDOZA-POWERS,<br><br>    Respondent. | Civil No. 07CV0585 JAH(JMA)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

    On June 3, 2009, this Court, assigned to this case as a visiting judge, denied petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The petition sought relief based on allegations that petitioner's due process rights were violated when he was denied parole by the San Mateo County Superior Court. On June 19, 2009, petitioner filed a notice of appeal of the Court's order. Although petitioner does not expressly seek a certificate of appealability, this Court *sua sponte* considers whether a certificate of appealability should be granted. *See* Fed.R.App.P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997)("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for certificate).

    A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show that: (1) the issues are debatable among jurists

1 of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the
2 questions are adequate to deserve encouragement to proceed further.  Lambright v.
3 Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473
4 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).

5   The instant petition contains seven claims for relief.  In four of the seven claims
6 (Claims 1, 2, 3 and 5), petitioner essentially contends that his due process rights were
7 violated when the Board of Parole Hearings (the "Board") denied him parole based on an
8 incorrect application of the governing law.  This Court, however, found that the Board's
9 decision to deny parole to petitioner was based on some evidence, which was all that was
10 required to meet the requirements of due process.  *See* Doc. # 18 at 9-11 (citing
11 Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Irons v. Carey, 505 F.3d 846, 851
12 (9th Cir. 2007)).  As to petitioner's remaining three claims, two claims allege violations
13 of due process based on grounds that this Court found to be unsupported by authority
14 (Claims 4 and 7) and one was found to be not cognizable on federal habeas review because
15 it sought this Court's review of the state court's determination of its own laws (Claim 6).
16 *See* Doc. # 18 at 11-12  This Court's finding that there was some evidence supporting the
17 Board's denial of parole as well as this Court's denial of petitioner's unsupported and not
18 cognizable claims are not findings that could be considered debatable among jurists of
19 reason nor could any other court reasonably resolve the issues in a different manner. *See*
20 Lambright 220 F.3d at 1024-25.  Therefore, petitioner is not entitled to a certificate of
21 appealability.

22   Accordingly, this Court **DENIES** a certificate of appealability as to the claims
23 presented in the instant petition.

24 DATED:    June 29, 2009

26        JOHN A. HOUSTON
       United States District Judge